THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GEORGE T. TRENT,<br><br>                             Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA. | Criminal Action No. 3:08-CR-350-2<br>Civil Action No. 11-CV-758 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner George T. Trent's ("Trent") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for Writ of Habeas Corpus ("§ 2255 Motion") (ECF No. 75). For the reasons below, the Court will DENY the Motion and DENY a Certificate of Appealability.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2008, Farmville Police Department investigators and Drug Enforcement Administration agents, utilizing a confidential informant, conducted a controlled purchase of 27.5 grams of cocaine base from Trent and his co-conspirator, Christopher Langhorne. Again on April 17, 2008, Farmville Police Department investigators and Drug Enforcement Administration agents, utilizing a confidential informant, conducted a controlled purchase of 55.1 grams of crack cocaine from Trent and Christopher Langhorne.

On October 22, 2009, United States Magistrate Judge M. Hannah Lauck conducted a Rule 11 inquiry and made necessary findings regarding a plea agreement that Trent later entered into. Trent was represented at this hearing by William Jeffrey Dinkin, Esq. ("Dinkin"). During the hearing, Trent was sworn under oath, and the following exchange took place:

> THE COURT: Have you drunk any alcohol or taken any drugs, prescription or otherwise, within the past 24 hours?
>
> THE DEFENDANT: I just took my medicine.
>
> THE COURT: Okay. It is prescription medicine?

1

> THE DEFENDANT: Yes.
>
> THE COURT: Is there anything about the prescription medicine that you take that would make you unable to understand what we are doing today?
>
> THE DEFENDANT: No.
>
> THE COURT: Is there anything about it that would make you cloudy in thought or judgment?
>
> THE DEFENDANT: No, not that I know of.
>
> THE COURT: Okay. So that is not my experience as I look at you. You look clear as a bell, but that is why I ask the question because some medicines make you feel unclear. Mr. Dinkin, has that been your experience in dealing with your client, that the medicine doesn't affect his ability to understand what we are doing?
>
> MR. DINKIN: That's correct.
>
> THE COURT: All right.

(Plea Hr'g Tr. 5:15-6:14). Trent pled guilty to distribution of five grams or more of cocaine base and aiding and abetting the distribution, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. § 2. On January 27, 2010, Trent was sentenced to 188 months' imprisonment.

Trent filed a Notice of Appeal on February 9, 2010. Dinkin was then appointed as Trent's attorney for the purposes of appeal. On August 16, 2010, the Fourth Circuit granted the Government's Motion to Dismiss and held that Trent knowingly and voluntarily waived his right to appeal. The Fourth Circuit's mandate took effect on September 22, 2010.

Trent filed the instant § 2255 Motion on November 15, 2011. The Government's Opposition was deemed timely filed on July 9, 2012. This matter is now ripe for review.

## LEGAL STANDARDS

### I. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence if: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail, the movant bears the burden of proof by

a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A claim that does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). To show that a denial of a § 2255 motion would result in a miscarriage of justice, the petitioner must show actual innocence by clear and convincing evidence. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

## II.     Ineffective Assistance of Counsel

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed under *Strickland*, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) he suffered actual prejudice. *Id.* at 687. The first *Strickland* prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

The second prong of *Strickland* requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the

petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

### III. Procedural Default

A petitioner that has procedurally defaulted a claim by failing to raise it on direct review can only raise the claim collaterally in habeas if the petitioner can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

## ANALYSIS

Trent proffers three main arguments in support of his § 2255 Motion. First, Trent argues that his trial counsel provided ineffective assistance of counsel by allowing him to enter into a plea agreement while his judgment was "tainted" by an antipsychotic drug called Risperidone. Second, Trent contends that he entered into his plea in an involuntary, unknowing, and unintelligent manner. Third, Trent alleges that Dinkin provided ineffective assistance of counsel in his capacity as appellate counsel. Moreover, Trent argues that an evidentiary hearing is appropriate in this matter.

### I. Ineffective Assistance of Counsel During the Plea Hearing

A claim for ineffective assistance of counsel is properly "raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." *See United States v. King,* 119 F.3d 290, 295 (4th Cir. 1997) (quoting *United States v. Williams,* 977 F.2d 866, 871 (4th Cir. 1992)). Such a rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. *See United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010) (quoting *Massaro v. United States,* 538 U.S. 500, 504–06 (2003)) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance because the trial record

is 'often incomplete or inadequate for [addressing such claims on direct review,]' thereby risking the failure of '[e]ven meritorious claims.'") (alterations in original).

During Trent's plea colloquy he was specifically asked whether he had taken any prescription medicine and whether the medicine would make him unsound in thought or judgment. To both inquiries, Trent stated that he was of sound mind. The magistrate judge then asked Dinkin whether, in his experience in dealing with Trent, the medicine he reportedly took would affect his ability to understand what he was doing. Dinkin answered that the medicine would not affect Trent's ability to knowingly enter into a plea. Moreover, Trent's extensive commentary during the plea hearing gave neither defense counsel nor the court any reason to doubt his mental acuity or understanding of that proceeding. For example, Trent was able to comprehend and ask questions about his obligation to identify any assets. (Plea Hr'g Tr. 18:18-20:9). For all these reasons, Trent has failed to show that Dinkin failed in any respect to investigate or advocate on his behalf with regard to his medical condition, or failed to prevent an involuntary plea. Because Trent cannot show deficient performance, this Court need not reach the issue of prejudice in dismissing his ineffective assistance claim. *See Strickland,* 466 U.S. at 700. The Court finds that the record is sufficient to determine this matter and that no evidentiary hearing is necessary.

## II.    Ineffective Assistance of Counsel During Trent's Appeal

Trent argues that Dinkin rendered deficient representation by failing to raise the issue of his ineffective assistance on appeal. Ignoring obvious conflict of interest concerns that would arise by a counsel bringing an ineffective assistance of counsel claim regarding himself, Dinkin's representation was not unreasonable. As stated above, a claim for ineffective assistance of counsel is properly "raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." *See King,* 119 F.3d at 295. Here there was no conclusive evidence of ineffective assistance. Dinkin was not ineffective for failure to raise on appeal a meritless claim concerning the alleged involuntary nature of

Trent's guilty plea. *See Bolender v. Singletary,* 16 F.3d 1547, 1573 (11th Cir. 1994) (stating that it is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel).

### III. Whether Trent Entered into a Plea Agreement Voluntarily

The Fourth Circuit has held that defendants are not "allowed to recast, under the guise of collateral attack, questions fully considered" by the court on direct appeal. *Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir. 1976). Based on the information from the Fourth Circuit's order in Petitioner's appeal and from Trent's own filings, it is clear that the claim Trent raised on direct appeal was substantially the same as the claim he presently raises in his § 2255 Petition. Therefore, pursuant to *Boeckenhaupt,* the question of whether Trent entered into his plea has been fully considered by the Fourth Circuit, and Trent is barred from attempting to relitigate the claim under the guise of a 28 U.S.C. § 2255 petition.

### CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a Certificate of Appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Supreme Court has held "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). For the reasons stated fully above, no law or evidence suggests that Trent has satisfied § 2253(c) such that he is entitled to further consideration of his claims. Accordingly, the Court will DENY a Certificate of Appealability.

//

## CONCLUSION

For the reasons above, the Court will DENY the § 2255 Motion and DENY a Certificate of Appealability. The Court finds that no evidentiary hearing is necessary, as the record is sufficient to determine this matter. Therefore, the Court will DENY Trent's request for a hearing.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___26th___ day of August 2014.